IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANGELA F. HOOVER,                    )
                                     )  Civil Action
            Plaintiff                )  No. 10-cv-06856
                                     )
        v.                           )
                                     )
MIDLAND CREDIT MANAGEMENT, INC,      )
                                     )
            Defendant                )

                              *    *    *

APPEARANCES:
            TARA L. PATTERSON, ESQUIRE
                On behalf of Plaintiff

            ANDREW M. SCHWARTZ, ESQUIRE
                On behalf of Defendant

                              *    *    *

                       O P I N I O N

JAMES KNOLL GARDNER
United States District Judge

        This matter is before the court on Defendant, Midland

Credit Management, Inc.'s Motion to Dismiss Plaintiff's Amended

Complaint, which motion to dismiss was filed June 6, 2011.[1]

Plaintiff's Opposition to Defendant's Motion to Dismiss, which

opposition was filed June 21, 2011.[2]  The Reply of Defendant

Midland Credit Management, Inc. to Plaintiff's Opposition to

Motion to Dismiss was filed on July 8, 2011.  On July 22, 2011

---

        [1]     Defendant filed its Memorandum of Law in Support of Midland Credit
Management, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint, together
with its motion to dismiss.

        [2]     Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss
Plaintiff's Amended Complaint was filed together with plaintiff's opposition.

the Sur-Reply of Plaintiff, Angela Hoover, in Further Opposition
to Defendant's Motion to Dismiss was filed.

After the motion, opposition, reply, and sur-reply were
filed and this matter was under advisement, the parties sought
leave to provide supplemental memorandum regarding the decision
of United States Magistrate Judge Thomas M. Blewitt of the United
States District Court for the Middle District of Pennsylvania in
the matter of <u>James Gula v. Midland Credit Management, Inc.</u>,
Civil Action No. 2010-cv-02241 (M.D.Pa. February 1, 2012).[3]  By
the Order dated and filed February 13, 2012, I directed the Clerk
of Court to file the parties supplemental materials, and on
February 14, 2012 he did so.

---

[3]     The Amended Complaint in <u>Gula v. Midland Credit Management, Inc.</u>
("Amended Gula Complaint") is substantially similar to Ms. Hoover's Amended
Complaint in this action.  Mr. Gula asserted his Fair Debt Collection
Practices Act ("FDCPA") claim based on alleged violations of the same
provisions relied upon by Ms. Hoover here.  Moreover, the letter sent to
plaintiff Gula by defendant Midland Credit Management, Inc. ("MCM") and
challenged in Mr. Gula's case is identical in form to the letter challenged
here by plaintiff Hoover.  The only differences are Mr. Gula's "MCM Account
Number", his "Original Creditor" references, and his "Current Balance".
<u>Compare</u> Exhibit A, Amended Gula Complaint, <u>with</u> Exhibit A, Amended Complaint.

On February 1, 2012, Magistrate Judge Blewitt issued a Memorandum
and accompanying Order and Judgment granting MCM's motion for judgment on the
pleadings in its entirety and dismissing Mr. Gula's claims under the FDCPA
with prejudice.

I note Magistrate Judge Blewitt's well-reasoned Memorandum and the
substantial similarities between the facts in <u>Gula</u> and the within matter.
Moreover, I note that the similarities in arguments advanced by Mr. Gula and
Ms. Hoover, and those advanced by MCM in both actions, are unsurprising
because counsel for Ms. Hoover also represented Mr. Gula, and MCM was
represented by the same counsel in both actions.

However, even absent the well-reasoned Memorandum of Magistrate
Judge Blewitt in <u>Gula</u>, the existing authority, as discussed in this Opinion,
warrants my granting MCM's motion and dismissing Ms. Hoover's Amended
Complaint.

<u>SUMMARY OF DECISION</u>

For the reasons expressed below, I grant defendant's motion to dismiss plaintiff's Amended Complaint and dismiss it with prejudice.

I grant defendant's motion and dismiss plaintiff's claim that defendant violated Section 1692d of the Fair Debt Collection Practices Act ("FDCPA") (which prohibits harassment by a debt collector) because plaintiff failed to provide factual averments supporting a reasonable inference that defendant's conduct was meant to harass or annoy her.

I grant defendant's motion and dismiss Ms. Hoover's claim that defendant violated Section 1692e of the FDCPA (which prohibits false, deceptive or misleading representations by a debt collector) because I conclude that defendant's Settlement Letter satisfies the notification requirement of Section 1692e(11) (that the letter is being sent to collect a debt), and because the Settlement Letter is not deceptive and not violative of Section 1692e(10) (which prohibits false representations or deceptive means to collect a debt).

Finally, I grant defendant's motion and dismiss plaintiff's claim that defendant violated Section 1692f of the FDCPA (which prohibits unfair or unconscionable means to collect a debt) because the Amended Complaint fails to plead facts which support a reasonable inference that defendant's conduct violated

Section 1692f, and which are not redundant to the factual averments that plaintiff contends amount to violations of Sections 1692d and 1692e.

## JURISDICTION

This court has jurisdiction in this matter pursuant to 15 U.S.C. § 1692k(d)[4] and 28 U.S.C. § 1331 because plaintiff's Amended Complaint alleges that defendant violated the federal Fair Debt Collection Practices Act, and thus poses a federal question.

## VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in Strasburg, Lancaster County, Pennsylvania, which is within this judicial district.

## PROCEDURAL HISTORY

Plaintiff Angela F. Hoover initiated this action on November 22, 2010 by filing a one-count Complaint against defendant Midland Credit Management, Inc., which alleged that defendant had violated the Fair Debt Collection Practices Act,

---

[4]     Section 1692k(d) provides that

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

15 U.S.C. § 1692k(d).

15 U.S.C. §§ 1692-1692p.  In her Complaint, plaintiff demanded a trial by jury.

By my Order dated and filed February 10, 2011, I approved a stipulation submitted by the parties which gave defendant until February 14, 2011 to respond to plaintiff's Complaint.

On February 14, 2011 the Answer to Plaintiff's Complaint with Affirmative Defenses by Defendant, Midland Credit Management, Inc. was filed.

On February 18, 2011 an arbitration hearing in this matter was scheduled for June 16, 2011.

On March 14, 2011 defendant filed a motion for judgment on the pleadings.  By my Order dated April 28, 2011 and filed April 29, 2011, I dismissed the motion for judgment on the pleadings as moot.

On May 4, 2011 the arbitration hearing scheduled for June 16, 2011 was cancelled; and plaintiff, on May 27, 2011, filed her Amended Complaint.  On June 6, 2011, Defendant filed its motion to dismiss plaintiff's amended complaint, which motion is now before this court for disposition.  Hence this Opinion.

STANDARD OF REVIEW

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."  Fed.R.Civ.P. 12(b)(6).  A Rule 12(b)(6)

motion requires the court to examine the sufficiency of the
complaint.  Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102,
2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by
Bell Atlantic Corporation v. Twombly, 550 U.S. 544,
127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Generally, in ruling on a motion to dismiss, the court
relies on the complaint, attached exhibits, and matters of public
record, including other judicial proceedings.  Sands v.
McCormick, 502 F.3d 263, 268 (3d Cir. 2008).

Except as provided in Federal Rule of Civil
Procedure 9, a complaint is sufficient if it complies with
Rule 8(a)(2), which requires "a short and plain statement of the
claim showing that the pleader is entitled to relief."
Fed.R.Civ.P. 8(a)(2).  Rule 8(a)(2) "[does] not require
heightened fact pleading of specifics, but only enough facts to
state a claim to relief that is plausible on its face."  Twombly,
550 U.S. at 570, 127 S.Ct. at 1974, 167 L.Ed.2d at 949.[5]

---

[5]      The Opinion of the Supreme Court in Ashcroft v. Iqbal, ___ U.S. __
, ___, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868, 887 (2009), states clearly
that the "facial plausibility" pleading standard set forth in Twombly applies
to all civil suits in the federal courts.  Fowler v. UPMC Shadyside,
578 F.3d 203, 210 (3d Cir. 2009).

This showing of facial plausibility then "allows the court to draw
the reasonable inference that the defendant is liable for the misconduct
alleged," and that the plaintiff is entitled to relief.  Fowler, 578 F.3d at
210 (quoting Iqbal, ___ U.S. at ___, 129 S.Ct.  at 1949, 173 L.Ed.2d at 884).

As the Supreme Court explained in Iqbal, "[t]he plausibility
standard is not akin to a 'probability requirement,' but it asks for more than
a sheer possibility that the defendant acted unlawfully."  Iqbal, ___ U.S.
at ___, 129 S.Ct. at 1949, 173 L.Ed.2d at 884.

In determining whether a plaintiff's complaint is sufficient, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief." Fowler, 578 F.3d at 210 (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

Although "conclusory or 'bare-bones' allegations will [not] survive a motion to dismiss," Fowler, 578 F.3d at 210, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Phillips, 515 F.3d at 231.  Nonetheless, to survive a 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." Id. (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940) (internal quotation omitted).

The court is required to conduct a two-part analysis when considering a Rule 12(b)(6) motion.  First, the factual matters averred in the complaint, and any attached exhibits, should be separated from legal conclusions asserted therein. Fowler, 578 F.3d at 210.  Any facts pled must be taken as true, and any legal conclusions asserted may be disregarded. Id. at 210-211.

Second, the court must determine whether those factual
matters averred are sufficient to show that the plaintiff has a
"plausible claim for relief."  Id. at 211 (quoting Iqbal,
__ U.S. at __, 129 S.Ct. at 1950, 178 L.Ed.2d at 884).[6]

Ultimately, this two-part analysis is "context-
specific" and requires the court to draw on "its judicial
experience and common sense" to determine if the facts pled in
the complaint have "nudged [plaintiff's] claims" over the line
from "[merely] conceivable [or possible] to plausible."  Iqbal,
__ U.S. at __, 129 S.Ct. at 1950-1951, 178 L.Ed.2d at 884-885
(internal quotations omitted).

A well-pleaded complaint may not be dismissed simply
because "it strikes a savvy judge that actual proof of those
facts is improbable, and that a recovery is very remote and

---

[6]     Plaintiff asserts that "[b]ecause Defendant has not proven beyond
a doubt that no plausible claim exists, Defendant's Motion to Dismiss must be
denied." (Plaintiff's Brief in Opposition at page 2.)  This assertion
reflects a misapprehension of each party's burden at the pleadings stage when
a defendant seeks to dismiss a claim under Rule 12(b)(6).

        Defendant is not required to prove "beyond a doubt", (id.), that
plaintiff's complaint does not state a single plausible claim.  Rather, to
survive a challenge under Rule 12(b)(6), plaintiff's complaint must contain
sufficient factual averments which, if taken as true, show that plaintiff has
a plausible claim to the relief she seeks.  See Phillips, 515 F.3d at 211.

        Moreover, plaintiff asserts that a motion to dismiss a claim under
Rule 12(b)(6) "should not be granted unless it is clear that the plaintiff can
prove 'no set of facts' which would entitle him to relief." (Plaintiff's
Brief in Opposition at page 6.)  Plaintiff does not provide a citation for
this particular assertion, but it is readily recognizable as the standard of
review first articulated in Conley v. Gibson, 355 U.S. at 45-46, 78 S.Ct. at
102, 2 L.Ed.2d at 84, and finally abrogated by Bell Atlantic Corporation v.
Twombly, 550 U.S. at 562-563, 127 S.Ct. at 1969, 167 L.Ed.2d at 944-945.

unlikely." <u>Twombly</u>, 550 U.S. at 556, 127 S.Ct. at 1965,
167 L.Ed.2d at 940-941.

<u>FACTS</u>

        Based upon the averments in plaintiff's Amended
Complaint, which I must accept as true for purposes of this
Opinion under the applicable standard of review discussed above,
the pertinent facts are as follows.

        Angela F. Hoover is an adult individual who resides in
Strasburg, Lancaster County, Pennsylvania.  Midland Credit
Management, Inc. ("MCM") is a national debt collection company
that sought to collect a consumer debt from Ms. Hoover.[7]
Ms. Hoover's original creditor, on whose behalf MCM sought to
collect the debt, was "Action Card".[8]

        On December 10, 2009 MCM sent a Settlement Letter to
Ms. Hoover.  The Settlement Letter is a single page document with
text on both the front and reverse side of the document.[9]  Many
of the "Factual Allegations" found in paragraphs 15 through 35 of
the Amended Complaint are, in substance, Ms. Hoover's character-
izations of the Settlement Letter.

---

        [7]    Amended Complaint at ¶¶ 6, 8-9.

        [8]    Letter from Midland Credit Management, Inc. to "Amila F. Hoover"
dated December 10, 2009 (Exhibit A, Amended Complaint)(the "Settlement
Letter").  The Amended Complaint indicates that "Amila Hoover" is "an alias
for Plaintiff." (Amended Complaint at ¶ 18.)

        [9]    Exhibit A, Amended Complaint.

The Settlement Letter is a document which speaks for itself.  However, plaintiff avers the following facts about the Settlement Letter:

(A)   MCM does not identify itself as a "debt collector" on the front of the Settlement Letter;[10]

(B)   MCM used "three different colors of font, six areas of blue highlighting, four areas of grey highlighting, seven text boxes, eight areas of bold font, four areas of all capitalized font, italicized font, different sizes of font and underlined font";[11]

(C)   The "back of defendant's letter is markedly different than the front of the letter";[12]

(D)   The Settlement Letter states that "[s]pecial offers are now available to help you resolve your unpaid ACTION CARD account";[13]

(E)   The Settlement Letter gave Ms. Hoover three options concerning repayment of her debt;[14]

(F)   The Settlement Letter lists several "Benefits of Paying!" -- "We will stop applying interest to your account!", "Your credit report will be updated with the payments made!", and "Once you make you agreed-upon payments to settle your account, your credit report will be updated as 'Paid in Full'!".[15]

---

[10]   Amended Complaint at ¶¶ 19-20.

[11]   Amended Complaint at ¶ 24.

[12]   Amended Complaint at ¶ 28.

[13]   Exhibit A, Amended Complaint; Amended Complaint at ¶ 29.

[14]   Amended Complaint at ¶ 30.

[15]   Exhibit A, Amended Complaint; Amended Complaint at ¶ 31.

Ms. Hoover avers that MCM established the layout of this Settlement Letter "with the intent to mask its true identity as a debt collector" and "solely to draw and hold the reader's attention to its demand for payment".[16]

The following observation about the Settlement Letter is central to plaintiff's claim that this Settlement Letter violates the Fair Debt Collection Practices Act, specifically Section 1692e.  Approximately three-quarters of the way down the front side of the Settlement Letter, there is a horizontal line running across the width of the page which delineates the "PAYMENT COUPON" from the body of the Settlement Letter.  Just above that line appears the following: "PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION".

The only thing that appears on the reverse side of the settlement letter is following:  "IMPORTANT DISCLOSURE INFORMATION", just below which is a text box stating "This is a communication from a debt collector.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose."

In addition to the Settlement Letter received from MCM, Ms. Hoover also avers that "upon information and belief, Defendant began contacting Plaintiff on her home telephone in its continued efforts to collect an alleged debt", and that

---

[16]     Amended Complaint at ¶¶ 20, 25.

"Defendant's actions in attempting to collect the alleged debt were harassing, and highly deceptive."[17]  While Ms. Hoover avers that she believes MCM contacted her on her home telephone, Ms. Hoover has made no averments regarding either the frequency, timing, or substance any alleged phone calls from MCM.

## DISCUSSION

Plaintiff's Amended Complaint contain a single count (Count I) which alleges that defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p.  Specifically, plaintiff claims that defendant violated 15 U.S.C. §§ 1692d-f.[18]

## Section 1692d

Section 1692d of the Fair Debt Collection Practices Act provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.  Section 1692d further states that "the following conduct is a violation of this section":

(1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader....

---

[17]     Amended Complaint at ¶¶ 33-34.

[18]     Amended Complaint at ¶ 39.

> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(1),(2),(5).

Plaintiff's Amended Complaint does not clearly specify what particular conduct by defendant she alleges violated Section 1692d.  However, plaintiff's brief in opposition reveals that Ms. Hoover's Section 1692d claim is grounded in the telephone call or calls which Ms. Hoover alleges that MCM made to her home telephone in an attempt to collect payment of her debt.[19]

Plaintiff's Amended Complaint, and specifically paragraphs 33 and 34, fail to adequately plead a violation of Section 1692d by defendant Midland Credit Management, Inc.  Under the applicable pleading standard, I am required to disregard plaintiff's bare, conclusory assertions that MCM's phone communications were "harassing" or "deceptive".  Fowler, 578 F.3d at 210-211.  Having discarded plaintiff's bald legal conclusions, all that remains of the purported factual basis for her Section 1692d claim is the factual averment that MCM began contacting her on her home telephone in furtherance of its efforts to collect her unpaid debt.[20]

---

[19]    See Plaintiff's Brief in Opposition at pages 16-18, citing Amended Complaint at ¶¶ 33-34.

[20]    See Amended Complaint at ¶¶ 33-34.

Nowhere in her Amended Complaint does Ms. Hoover allege that MCM ever threatened, or used profane or obscene language toward her.  See 15 U.S.C. § 1692d(1)-(2).  Moreover, the Amended Complaint is devoid of any factual averments concerning the timing, frequency, or substance of any phone communications between MCM and Ms. Hoover.

The determination of whether plaintiff has plead conduct by defendant constituting "actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of the calls."  Shand-Pistilli v. Professional Account Services, Inc., 2010 U.S.Dist. LEXIS 75056, at *11 (E.D.Pa. July 26, 2010)(O'Neill, S.J.).

In Shand-Pistilli, my colleague Senior Judge Thomas N. O'Neill, Jr. concluded that the plaintiff had plead sufficient facts to support a reasonable inference that the purpose of defendant's repeated phone calls was to harass or annoy the plaintiff.  Id. at *11-12.  Conspicuous by its absence here, and its presence in Shand-Pistilli, is any averment by the plaintiff that she asked the defendant to stop contacting her and the defendant refused to stop once asked.  Id. at *12.

Moreover, the plaintiff in Shand-Pistilli averred "continuous calls" to her home.  Id.  Here, by sharp contrast, Ms. Hoover merely avers that she believes MCM began contacting her on her home telephone.  Ms. Hoover's Amended Complaint

- 14 -

contains no averments concerning the frequency of any calls made by MCM.

Because Ms. Hoover's Amended Complaint does not aver sufficient facts to support a reasonable inference that she has a plausible claim to relief under Section 1692d, I grant MCM's motion and dismiss Ms. Hoover's claim asserted pursuant to Section 1692d.

<u>Section 1692e</u>

Ms. Hoover contends that MCM's Settlement Letter violates Section 1692e of the Fair Debt Collection Practices Act. Ms. Hoover "believes" that MCM overshadowed its instruction to see the reverse of the Settlement Letter for important details, and unnecessarily placed the Section 1692e(11) notice on the reverse side of the Settlement Letter "for the sole purpose of misleading unsophisticated consumers about the nature of the correspondence and Defendant's identity, and to coerce them to make payments that they otherwise would not make."[21]

Section 1692e of the FDCPA provides that "[a] debt collector may not use false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  Section 1692e further states that " the following conduct is a violation of this section":

---

[21]    Plaintiff's Brief in Opposition at page 3.

(10) The use of any false representation or
deceptive means to collect or attempt to collect
any debt or to obtain information concerning a
customer.

(11) The failure to disclose in the initial
written communication with the consumer and, in
addition, if the initial communication with the
consumer is oral, in that initial oral
communication, that the debt collector is
attempting to collect a debt and that any
information obtained will be used for that
purpose, and the failure to disclose in subsequent
communications that the communication is from a
debt collector, except that this paragraph shall
not apply to a formal pleading made in connection
with a legal action.

15 U.S.C. § 1692e(10)-(11).

A communication is deceptive for purposes of the FDCPA
if "it can be reasonably read to have two or more different
meanings, one of which is inaccurate, viewed from the perspective
of the least sophisticated consumer." Reed v. Pinnacle Credit
Services, LLC, 2009 WL 2461852, at *4 (E.D.Pa. August 11,
2009)(DuBois, J.).

The United States Court of Appeals for the Third
Circuit requires that a district court analyze the statutory
requirements of the FDCPA "from the perspective of the least
sophisticated consumer." Campuzano-Burgos v. Midland Credit
Management, Inc., 550 F.3d 294, 298 (3d Cir. 2008)(quoting
Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008)).

Although the Third Circuit has clearly stated that the
least sophisticated debtor standard "is less demanding than one

- 16 -

that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor", Campuzano-Burgos, 550 F.3d at 298-299 (quoting Brown v. Card Services Center, 464 F.3d 450, 455 (3d Cir. 2006)), the least sophisticated debtor standard does not permit "bizarre or idiosyncratic interpretations of collection notices", "preserv[es] at least a modicum of reasonableness", and "presumes a basic level of understanding and willingness to read with care".  Campuzano-Burgos, 550 F.3d at 299 (quoting Rosenau, 539 F.3d at 221).

Moreover, as is particularly relevant here, the Third Circuit noted that "[a]lthough established to ease the lot of the naive, the [least sophisticated debtor] standard does not go so far as to provide solace to the willfully blind or non-observant. *Even the least sophisticated debtor is bound to read collection notices in their entirety*." Campuzano-Burgos, 550 F.3d at 299 (emphasis added)(citing Federal Home Loan Mortgage Corporation v. Lamar, 503 F.3d 504, 510 (6th Cir. 2007)).

Plaintiff asserts that MCM's notification on the face of the Settlement Letter to "PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION" did not effectively advise Ms. Hoover of the important disclosure information required by Section 1692e(11).[22]

---

[22]    Plaintiff's Brief in Opposition at page 11.

This assertion flies in the face of the least sophisticated debtor's obligations as articulated by the Third Circuit in <u>Campuzano-Burgos</u>, 550 F.3d at 299.  The least sophisticated debtor would read MCM's Settlement Letter to Ms. Hoover "in [its] entirety."  <u>Id.</u>  In doing so, the least sophisticated debtor would arrive at the capitalized instruction to "PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION".[23]

Upon arriving at that instruction, the least sophisticated debtor would, in exercising a "modicum of reasonableness" and "basic level of understanding", <u>see</u> <u>Campuzano-Burgos</u>, 550 F.3d at 299, turn the Settlement Letter over to examine the "IMPORTANT INFORMATION" appearing on the reverse side.[24]

Finally, upon turning to the reverse side of the Settlement Letter, the least sophisticated consumer could not have missed the <u>only</u> text that appears there: "IMPORTANT DISCLOSURE INFORMATION" "This is a communication from a debt collector.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose."[25]

Plaintiff further asserts that the Settlement Letter "does not provide Plaintiff a means of acceptance of the

---

[23]    Exhibit A, Amended Complaint.

[24]    Exhibit A, Amended Complaint.

[25]    Exhibit A, Amended Complaint.

settlement offers" and thereby violates the FDCPA's prohibition against the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt".[26]

A communication is deceptive for purposes of the FDCPA if "it can be reasonably read to have two or more different meanings, one of which is inaccurate, viewed from the perspective of the least sophisticated consumer."  Reed, 2009 WL 2461852, at *4.  Plaintiff asserts that the "payment stub provides no means within which to accept any of its settlement options, other than paying the entire balance."[27]

Even when viewed from the perspective of the least sophisticated debtor, plaintiff's reading of the Settlement Letter and payment coupon is not reasonable.  The body of the Settlement Letter says "[s]elect one of the three options below" and provides three repayment options, each of which is highlighted in a text box appearing prominently in the middle of the Settlement Letter.

Below these three highlighted boxes, in normal font, MCM offers, "If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does." Finally, although the payment coupon restates the total balance

---

[26]    Plaintiff's Brief in Opposition at page 15 (quoting 15 U.S.C. § 1692e).

[27]    Plaintiff's Brief in Opposition at page 16.

owed by Ms. Hoover, there is a blank line after "Amount Enclosed:".[28]

The Settlement Letter and the payment coupon attached thereto cannot reasonably be read by the least sophisticated consumer as providing only one repayment option to Ms. Hoover: the repayment of her outstanding balance in full and in one lump sum payment.

For these reasons, plaintiff's Amended Complaint fails to plead facts sufficient to support a reasonable inference that the Settlement Letter violated Section 1692e.  Therefore, I grant MCM's motion and dismiss Ms. Hoover's claim that MCM violated Section 1692e of the FDCPA.

<u>Section 1692f</u>

Plaintiff contends that her Amended Complaint "successfully assert[s] a claim under 15 U.S.C. § 1692f."[29] However, as discussed below, Ms. Hoover's Amended Complaint fails to state a Section 1692f claim.

Section 1692f of the FDCPA provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  A complaint fails to state a claim under Section 1692f unless it identifies some misconduct by the debt collector other than that which

---

[28]    Exhibit A, Amended Complaint.

[29]    Plaintiff's Brief in Opposition at page 19.

provides the basis for the plaintiff's claims under other
provisions of the FDCPA.  <u>Shand-Pistilli v. Professional Account</u>
<u>Services, Inc.</u>, 2010 U.S.Dist. LEXIS 75056, at *17 (E.D.Pa.
July 26, 2010)(O'Neill, S.J.).

      Ms. Hoover relies on paragraph 31 of her Amended
Complaint and the Settlement Letter itself in support of her
Section 1692f claim.[30]  Paragraph 31 of the Amended Complaint
aver that

> Defendant informed Plaintiff that if she made
> payment arrangements it "will stop applying
> interest to [her] account; [her] credit report
> will be updated with the payments made; [and] once
> [she made his (sic)] agreed-upon payments to
> settle [her] account, [her] credit report will be
> updated as Paid in Full," implying that if she
> failed to accept payment arrangements, it would
> communicate with the credit bureau and assess
> interest on the alleged debt, regardless of the
> terms of the underlying agreement.  See
> Exhibit A.[31]

      Plaintiff contends that "collection of any interest
that is more than the consumer legally owes and is not contained
in the underlying loan agreement is a violation of § 1692f".[32]

      Neither of the cases cited for this proposition in
plaintiff's brief salvages Ms. Hoover's Section 1692f claim.

---

[30]    Plaintiff's Brief in Opposition at page 20.

[31]    Amended Complaint at ¶ 31 (brackets and quotation marks in
original) (<u>citing</u> Exhibit A, Amended Complaint).

[32]    Plaintiff's Brief in Opposition at page 20 (<u>citing</u> <u>Conner v. Howe</u>,
344 F.Supp.2d 1164 (S.D.Ind. 2004); <u>Neild v. Wolpoff & Abramson, L.L.P.</u>,
453 F.Supp.2d 918 (E.D.Va. 2006)).

Conner v. Howe is distinguishable from Ms. Hoover's case because the underlying loan agreement under which the defendant sought to collect was void, and the interest rate that the collector sought to apply -- 72% -- violated Indiana's loan-sharking statute. Conner, 344 F.Supp.2d at 1172.  Nothing in paragraph 31 of the Amended Complaint (or anywhere else) alleges that Ms. Hoover's debt or the underlying credit agreement with Action Card was invalid or void.  Moreover, Ms. Hoover does not allege that MCM applied or attempted to apply an interest rate greater than the rate provided for in Ms. Hoover's credit agreement.[33]

In Neild v. Wolpoff & Abromson, L.L.P., the district court concluded that the plaintiff adequately plead a violation of Section 1692f because the "[p]laintiff aver[red]...that Defendants attempted to charge plaintiff for items not specifically outlined in the agreement between Plaintiff and Discover Card."  Neild, 453 F.Supp.2d at 924.  The Neild court reasoned that if this averment were true, it would constitute a violation of Section 1692f(1).  Id.

Here, by contrast, Ms. Hoover does not affirmatively aver that MCM charged or attempted to charge an interest rate not permitted by her credit agreement with Action Card.[34]  I cannot agree with plaintiff and reasonably infer that the implied

---

[33]     See Amended Complaint at ¶ 31.

[34]     See Amended Complaint at ¶ 31.

meaning of MCM's Settlement Letter was that MCM would charge unauthorized interest against Ms. Hoover if she did not elect to accept one of the three repayment arrangements offered in the Settlement Letter.  Neither the factual averments in paragraph 31 of the Amended Complaint, nor the text of the Settlement Letter itself establish a plausible claim that MCM violated Section 1692f.

Moreover, to the extent that plaintiff's Amended Complaint alleges that defendant's Settlement Letter and calls to her home telephone violated Section 1692f in addition to violating Sections 1692d and 1692e, that allegation is insufficient to state a claim pursuant to Section 1692f.  See Shand-Pistilli, 2010 U.S.Dist. LEXIS 75056, at *17.

For these reasons, I grant defendant MCM's motion and dismiss plaintiff Hoover's claim that MCM violated Section 1692f of the FDCPA.

<u>CONCLUSION</u>

Plaintiff's Amended Complaint contains a single count (Count I) alleging that defendant violated Sections 1692d, 1692e, and 1692f of the FDCPA.  For the reasons expressed above, I conclude that plaintiff's Amended Complaint fails to state a cause of action against defendant for violation of the Fair Debt Collection Practices Act.  Because plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, I grant

defendant's motion and dismiss the Amended Complaint with

prejudice.[35]

_____

[35]     Dismissal of the plaintiff's Amended Complaint without leave to
amend is within the sound discretion of this court, "but outright refusal to
grant the leave without any justifying reason...is not an exercise of
discretion; it is merely abuse of that discretion and inconsistent with the
spirit of the Federal Rules."  Grayson v. Mayview State Hospital,
293 F.3d 103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178,
83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

     When a district court dismisses a complaint pursuant to Rule
12(b)(6), "the court must permit a curative amendment unless such an amendment
would be inequitable or futile."  Phillips v. County of Allegheny, 515 F.3d
224, 245 (3d Cir. 2008) (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir.
2004)).  I conclude that further amendment of Ms. Hoover's pleading would be
futile and inequitable.

     After plaintiff filed her Complaint, defendant answered and then
filed a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).
Defendants motion for judgment on the pleadings alleged the same deficiencies
in plaintiff's Complaint that defendant's motion to dismiss challenges in the
Amended Complaint.  Specifically, defendant's motion for judgment on the
pleadings and its brief in support thereof argued, among other things,
(1) that MCM's conduct as alleged was not harassing and did not violate
Section 1692d; and (2) that MCM's letter was not deceptive and did not violate
Section 1692e(10),(11).  Thus, in crafting her Amended Complaint, Ms. Hoover
and her counsel were well aware of the deficiencies alleged by MCM.

     Nevertheless, the factual averments in the Amended Complaint are
substantially the same as the factual averments in the original Complaint.
(Compare Complaint at ¶¶ 15-27, with Amended Complaint at ¶¶ 15-35.)  Although
the "Factual Allegations" section of the Amended Complaint contains more
paragraphs than the corresponding section in plaintiff's Complaint, the extra
paragraphs in the Amended Complaint do not actually provide additional factual
information or material upon which any of plaintiff's claims are based.
Instead, the additional paragraphs explain that "Amila F. Hoover" is an alias
used by plaintiff Angela F. Hoover (Amended Complaint at ¶ 18); describe or
characterize the appearance of the Settlement Letter (Amended Complaint at
¶¶ 21-28), which was already attached as Exhibit A to the Complaint; and
contain conclusory legal assertions (Amended Complaint at ¶ 37).

     Ultimately, Ms. Hoover's allegation that MCM violated the FDCPA
arises out of the December 10, 2009 Settlement Letter and the telephone calls
MCM allegedly placed to her home telephone.  Despite the preview of the
challenge to the substance of Ms. Hoover's allegations provided by MCM's
motion for judgment on the pleadings, Ms. Hoover's amendment of her Complaint
contained no new factual allegations upon which I could base a reasonable
inference that MCM violated the FDCPA as alleged by Ms. Hoover. It is logical
to assume that if additional factual support for Ms. Hoover's allegations
existed, such facts would not have been withheld from the Amended Complaint.
Thus, I conclude that further amendment of Ms. Hoover's pleadings would be
futile.

                                        (Footnote 35 continued):

_____

(<u>Continuation of footnote 35</u>):

       In sum, dismissal of plaintiff's Amended Complaint with prejudice is appropriate because the first amendment of plaintiff's Complaint proved futile, and it would be inequitable to subject defendant to further expense of time and effort responding to a third iteration of plaintiff's Complaint.